Rawson *vs.* Bell.

E. E. Rawson, plaintiff in error, *vs.* Marcus A. Bell, defendant in error.

1. The bill of exceptions should specify the portion of the charge to which exception is taken. (R.)
2. The building of a party wall by the plaintiff, under a parol agreement with the defendant that he would pay for one-half of as much of the wall as he used, when he built, is such a part performance of the contract as takes it out of the Statute of Frauds. (R.)
3. If a parol agreement, in relation to the building of a party wall, has been fully executed by both parties, it creates an easement which attaches to and runs with the land. (R.)
4. Where the defendant, having contracted with the plaintiff to pay for so much of a party wall as he used when he built, conveys his lot to a third person, having thus put it out of his power to build, he becomes liable to the plaintiff. (R.)
5. As no time was specified within which the defendant was to build and pay the plaintiff for one-half of the wall to be used by him, the law will imply that it was to be done within a reasonable time. (R.)

Practice in Supreme Court. Exception to charge. Party wall. Statute of Frauds. Part performance. Easement. Reasonable time. Before Judge Hopkins. Fulton Superior Court. October Term, 1871.

For the facts of this case, see the decision.

D. F. & W. R. Hammond, for plaintiff in error, submitted the following brief:

We contend that the Court should have charged the jury that, "if they should find that Rawson, at the time he sold to Angier, gave him notice of his promise to pay for half the wall when he used it, and also notified him that he never expected to pay for the wall, as he would never use it, that then

Rawson would not be liable. and it was their duty to find for defendant;" and "if they should find that Bell sold and conveyed his lot, together with the appurtenances, before the bringing of this suit, that then Bell would have no right of action, and it would be their duty to find for defendant."

I. A parol agreement to pay for half a party wall when used, binds the land, where the purchaser took with notice: Wickersham *vs.* Orr, 9th Iowa, 253. A covenant to pay for half a party wall when used, "binds, and is a charge upon the land:" Wash. Eas. and Serv., side p. 459; 1st Bradford's N. Y. Rep., p. 52. A claim for contribution for building a party wall, is a lien upon the land: Campbell *vs.* Mesier, 6th Johns. Ch. Rep., 23. This parol agreement has the same force and effect as a covenant, since it has been performed on one side, and therefore may be treated as a covenant: see Sheppard's Touch. A covenant runs with the land "when there is a privity of estate between the covenanting parties, and the covenant is connected with and concerns the subject-matter of the privity of the estate between them:" Morse *vs.* Aldrich, 19th Pick., 449; Hurd *vs.* Curtis, *Ibid.*, 459; Sheppard's Touch., side p. 176, 316. In this case, the privity of estate between Rawson and Bell was in the eight inches of Rawson's land on which the wall stood. Rawson owned the fee and Bell had an easement in it for the support of his wall. The agreement was "to pay when he used the wall," and was directly connected with and concerning the subject-matter of the privity of estate between Bell and Rawson.

II. Bell passed his right of action by his deed to Angier. The effect of the agreement was that the entire wall remained the property of Bell, until used and paid for by Rawson. By the deed the wall passed, and with it the right to be paid for it: Burlock *vs.* Peck, 2d Dun., 90; Wash. Eas. and Serv., side p. 464; Clinton's Dig. N. Y. Rep., vol. 3, p. 2453; 1st Bradford's N. Y. Rep., p. 57. Improvements placed upon the land of another may, by agreement, remain the property of him who placed them there: 1st Hill, 176; 4th Mass.,

Rawson *vs.* Bell.

514; 8th Metc., 34; 5th Pick., 487. This principle is recognized by the laws in reference to the city of Savannah : Code, sec. 4792.

III. This agreement was by parol, and the performance, on the part of Bell, was not sufficient to take the case out of the Statute of Frauds: 3d Pars. on Cont., p. 60.

L. E. BLECKLEY, for defendant, submitted the following brief:

The contract was personal between these parties. Bell performed his part fully, and gave credit to Rawson, and trusted to Rawson's personal responsibility. The latter contemplated building himself, and Bell treated with him on that understanding. Neither party stipulated for or against his assigns. The subsequent conveyance to Angier neither divested Bell of his right nor relieved Rawson of his obligation : 28th Ind. R., 37; 17th Pick., 538; 24th Wis., 461.

Rawson had already planned the building in some respects at least, that he was going to erect. He virtually agreed to use a portion of the wall, and he expressly promised to pay when *he* used it. As no time was specified, he must be understood as intending to build in a reasonable time: 11th Ga. R., 154.

Instead of acting as he had induced Bell to believe he was going to act, he changed his purpose and sold out to Angier. He thus put it out of his power to build at all, and that was a virtual breach of his undertaking : Langdell's Select Cases, 917, 947; 12th Ga. R., 150; 15th Mees & W., 189; 16th Mass., 161.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover the one-half of the cost or value of the erection of a party-wall under an alleged agreement between the parties, who were the owners of adjoining city lots in the city of Atlanta. On the trial of the case the jury, under the charge

of the Court, found a verdict for the plaintiff for the sum of
$336, with interest and costs. The case comes before this
Court on exception to the entire charge of the Court to the
jury, without assigning error to any particular part thereof.
As there was no motion made to dismiss on that ground, we
will consider the charge of the Court as it is set forth in the
record, without intending to indorse or sanction such a prac-
tice in this Court. The following facts were disclosed by the
evidence on the trial:

Bell, the plaintiff, owned the city lot described in the
declaration, and Rawson, the defendant, owned the adjoining
lot. Bell desired to build, and proposed to Rawson to erect
the dividing wall between their two lots so as to place one-
half thereof on Rawson's land. Rawson agreed to it, at the
same time agreeing to pay for one-half of as much of the
wall as he used in building himself when he built, and also
specifying that he would not want to erect as high a house
as Bell contemplated, but would only want to build a two-
story house without any basement or cellar. This agreement
was by parol. Bell proceeded to build, and placed the di-
viding wall half on his own and half on Rawson's land, ac-
cording to the agreement. The wall was sixty feet long and
sixteen inches thick, eight inches of it being on Rawson's
land. After its completion, to-wit: on the 20th day of De-
cember, 1866, Bell sold his lot, together with the appurte-
nances, executing a regular warrantee deed for the same to
N. L. Angier. Afterward, to-wit: on the 10th day of Jan-
uary, 1867, Rawson sold his lot to the same Angier, together
with the appurtenances, executing also a regular warrantee
deed for the same. Angier testified that when he bought
from Bell nothing was said in relation to the party wall or
the claim against Rawson for the share of its cost, but when
he bought of Rawson the subject was mentioned by Rawson,
who stated to him the agreement between him and Bell, and
also stated that as he (Rawson) would never build, he sup-
posed that he (Rawson) would never have anything to pay

for the wall. Angier replied that that was a matter with which he had nothing to do, and rested between him (Rawson) and Bell, he supposed. He also testified that he gave Rawson more for his lot by reason of said wall than he otherwise would have given him. When Bell heard of the sale by Rawson he applied to him for his pay, which was refused. Brick work was worth as much as $12 per thousand, and there were twenty brick to the cubic foot. The Court charged the jury that "if they should find that there was a parol contract between Bell and Rawson under which Rawson had agreed to pay for a part of the wall which Bell built on the line between their lots when he built to said wall, and Bell had gone on in good faith and completed his house according to said contract and placed half the wall on Rawson's land, and then sold and conveyed his lot, together with the appurtenances to the same or any other person, and thereby placed it beyond his power to build to the wall, that then Rawson became liable to Bell for whatever portion of the wall he had agreed to pay for when he built in the same manner as if he had constructed his house and used the said wall; and this would be true although you should find that such third party purchased from Rawson with notice of the existence of the contract between Rawson and Bell."

Two questions are made by defendant: First, that this was a parol contract for the sale of land, and is therefore void under the Statute of Frauds. Second, if it is not void on the ground of part performance of the parol agreement by the plaintiff, then it is an agreement in the nature of a covenant, which attaches to and runs with the land, and that the plaintiff's remedy is against the defendant's grantee, or those claiming under him, who should build on the lot and use the wall, and not against the defendant, who did not build on the lot prior to his alienation of the same. As to the first question, the building of the party wall by the plaintiff, under the parol license and agreement of the defendant, was such a part performance as takes it out of the operation of the Statute of

Frauds: Code, 1941. If the parol agreement had been fully executed by both the parties to it in relation to the erection of the party wall, it would have created an easement which would have attached to and run with the land, and such would have been the legal effect of the agreement when fully executed by the parties to it. The fundamental error in the argument of the defendant is in the assumption that the agreement has been fully executed on his part, whereas this suit is brought to compel him to perform his part of it. The agreement was, that the plaintiff would build the party wall between their two lots, one-half thereof to be on the plaintiff's lot, and the other half on the defendant's lot, the defendant agreeing to pay for one-half of so much of the wall as he used in building himself when he built, specifying that he would not want to erect as high a house as the plaintiff contemplated, but would only want to build a two-story house without any basement or cellar. The evidence clearly shows that both parties, at the time of making the agreement, contemplated building on their respective lots, and the agreement was made in view of that fact. The plaintiff did build; in other words, performed his part of his agreement. The defendant did not build on his lot, as was contemplated by the contracting parties, but sold his lot to Angier, and stated to him the agreement between the plaintiff and himself, and thereby received more for his lot than he otherwise would have done, in consequence of the wall having been built there by the plaintiff under that agreement. It is true, there was no definite time specified in the agreement when the defendant should build on his lot, and pay the plaintiff for one-half of the wall used by him in the erection of his building, but he has now put it out of his power to build on the lot by conveying the property, and with the increase of price in his pocket, realized from the sale of his lot by reason of the wall having been built by the plaintiff under the agreement, coolly tells the plaintiff that he must look to his grantee or some other person when they shall build on the lot and use the wall, assuming

Rawson *vs.* Bell.

that he has complied with his agreement with the plaintiff so far as he was legally bound to do, and that his agreement was in the nature of a covenant running with the land, thereby shifting his liability under his agreement with the plaintiff to his grantee of the lot, after having received the increased price from him in the sale of the property.

An executed agreement which will constitute an easement attached to and running with the land, is one thing. Whether such an agreement has been executed on the part of both the parties to it, is another and quite a different thing. The question in this case is, not what would have been the legal effect of this agreement upon the land, if it had been executed and performed according to the true intent and meaning thereof as understood by the parties thereto; but the question is, whether that agreement has been executed and performed by the defendant to the plaintiff, as the same was understood by the plaintiff, and known by the defendant to be so understood by him at the time it was made.

As no time was specified within which the defendant was to build and pay the plaintiff for one-half of the wall to be used by him, the law will imply that it was to be done within a *reasonable* time, and the defendant having put it out of his power to comply with his agreement with the plaintiff by conveying the property to another, the plaintiff's right of action accrued to him. Although we should have been better satisfied with the charge of the Court if it had clearly called the attention of the jury to the distinction between an executed agreement of the parties which would have created an easement attaching to and running with the land, and an agreement which had not been executed and performed by one of the parties to it, still there was sufficient evidence in the record to authorize the charge as given, and the verdict being right under the evidence and the law applicable thereto, we will not disturb it.

Let the judgment of the Court below be affirmed.