[No. 2181.  Decided April 30, 1896.]

## J. H. HATHAWAY, *Respondent*, v. YAKIMA WATER, LIGHT AND POWER COMPANY, *Appellant*.

### VERBAL LICENSE TO USE LANDS — REVOCATION.

A verbal license to enjoy a permanent privilege on the land of another is revocable at the will of the licensor, although money may have been expended thereunder by the licensee.  (DUNBAR, J., dissents).

Appeal from Superior Court, Yakima County.—Hon. CARROLL B. GRAVES, Judge.  Affirmed.

*Whitson & Parker*, and *Reavis & Englehart*, for appellant.

*F. H. Rudkin*, and *Jones & Newman*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The respondent brought this action for the purpose of enjoining appellant from keeping and maintaining a water way or waste ditch across certain lands.  The controlling facts in the case can best be stated by setting forth the findings of the lower court.  They are as follows:

"*First.* That at all times mentioned in the complaint herein the plaintiff was and now is the owner in fee simple of all those certain lots, tracts or parcels of land situate, lying and being in the county of Yakima, State of Washington, and particularly described as follows:  [Then follows description].

"*Second.*  That the defendant is a corporation organized and existing under the laws of the State of Washington.

"*Third.*  That for more than one year last past the defendant has unlawfully and wrongfully kept and maintained a large waste ditch upon, through, over and across the above described lands of plaintiff com-

mencing at a point in the southeast corner of lot twenty-eight above described, thence in an easterly direction along and across the southerly portion of lots twenty-nine, thirty-one and thirty-two above described.

"*Fourth.* That said defendant has no right-of-way for said waste ditch across the above described lands of plaintiff and has no interest or easement therein but the plaintiff is the sole and absolute owner in fee of the above described lands and every part thereof.

"*Fifth.* That the defendant has made no compensation to plaintiff for or on account of the use and occupation of said above described lands by said waste ditch or for any easement or interest in said lands and said defendant refused and still refuses so to do.

"*Sixth.* That the defendant threatens to and will continue so to use and occupy said above described lands of plaintiff by said waste ditch and is attempting to deprive the plaintiff herein of his said property without paying or making any compensation therefor and without due process of law, and if said use and occupation by the defendant of plaintiff's said land for said waste ditch is continued such use and occupation will ripen into an easement and the plaintiff will be wholly deprived of his said property without compensation to his great and irreparable damage and injury, and plaintiff has no plain, speedy or adequate remedy at law."

The following finding was specially requested by the appellant, viz.:

"That said defendant entered upon the premises described in the complaint and constructed said ditch with the knowledge and consent of the plaintiff and plaintiff granted verbally the right of way therefor prior to said entry and has continuously occupied and used the same ever since as a right of way for its canal and same is necessary for the operation of its works, and cannot be operated without the same."

Thereupon the court struck therefrom the words,

"and plaintiff granted verbally the right-of-way therefor prior to said entry," and made the finding as requested. The appellant further proposed and requested the court to adopt the following as a conclusion of law from the findings so made, viz.:

"That the plaintiff granted a license for said right-of-way which is irrevocable, and defendant is entitled to the use thereof and remain in possession, and this action should be dismissed."

This conclusion the court refused to adopt and entered a decree enjoining and restraining appellant from keeping or maintaining said waste ditch upon the lands of the plaintiff (respondent), and from in any manner interfering with the free use and occupation by the respondent of the said land, but incorporated the following provision therein, viz.:

"Provided, however, if the said defendant [appellant] shall within thirty days from the date hereof file an additional answer in this cause praying for the condemnation and appropriation of a right-of-way across plaintiff's said lands for said waste ditch, upon making compensation therefor, or shall within said period of thirty days from date hereof commence an independent action for the purpose of condemning and appropriating a right-of-way as aforesaid, then this decree shall be of no force or effect, but otherwise the same shall be of full force and effect from and after thirty days from the date hereof."

The cause comes here upon appeal from this decree, and notwithstanding the court refused to find that "plaintiff [respondent] granted verbally the right-of-way therefor prior to said entry," the argument has proceeded upon the assumption that such consent was given, and we will dispose of the case upon that assumption.

The question mainly argued and the only one neces-

sary to be considered may be stated as follows: Is a verbal license to enjoy a permanent privilege on the land of another revocable at the will of the licensor, after money has been expended thereupon by the licensee? The authorities bearing upon this question are so conflicting as to render a review of them of little importance, and we endorse what is said by the learned editor of the American State Reports, in an able note to *Lawrence v. Springer*, found on p. 712 of vol. 31, viz: "The authorities upon this branch of the law have ever been, and still remain, so conflicting as to make their reconciliation totally impossible upon any conceivable theory." Continuing this subject the learned writer, at p. 715, says:

"At common law a parol license to be exercised upon the land of another creates an interest in the land, is within the statute of frauds, and may be revoked by the licensor at any time, no matter whether or not the licensee has exercised acts under the license, or expended money in reliance thereon. In many of the states this rule prevails, while in others the licensor is deemed to be equitably estopped from revoking the license, after allowing the licensee to perform acts thereunder, or to make expenditures in reliance thereon. These two lines of cases cannot be reconciled: for one of them holds that an interest in land cannot be created by force of a mere parol license, whether executed or not, while the other declares that where the licensee has gone to expense, relying upon the license, the licensor may be estopped from revoking it, and thus an easement may be created. *The former line of cases, it seems to us, is founded upon the better reason.*"

Counsel for the parties to this litigation have cited many authorities in support of the respective positions assumed by the "two lines of cases" referred to, but in our opinion have added nothing new to the ques-

tion. Nor will we attempt to do so, and after a laborious examination of the authorities we think that the decree must be affirmed. The court of appeals of of New York, in *Crosdale v. Lanigan,* 129 N. Y. 604, (26 Am. St. Rep. 551, 29 N. E. 824) announces the doctrine:

"That a parol license to do an act on the land of the licensor, while it justifies anything done by the licensee before revocation, is nevertheless revocable at the option of the licensor, and this, although the intention was to confer a continuing right and money had been expended by the licensee upon the faith of the license. This is plainly the rule of the statute. It is also, we believe, the rule required by public policy. It prevents the burdening of lands with restrictions founded upon oral agreements, easily misunderstood. It gives security and certainty to titles, which are most important to be preserved against defects and qualifications not founded upon solemn instruments."

We think the principle so announced is supported by the great weight of authority bearing upon the question.

Sec. 1422, Gen. Stat., provides that:

"All conveyances *of real estate, or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate,* shall be by deed."

The waste ditch in question is from forty to sixty feet wide and from four to six feet in depth, and was designed by appellant for permanent use. In *Hodgkins v. Farrington,* 150 Mass. 19 (15 Am. St. Rep. 168, 22 N. E. 73), it is said that:

"A paramount right to hold another's land, subject to a particular purpose, to enter upon it, or to maintain structures upon it without the consent of the owner, is an important interest in the land which cannot pass without the formalities required by the statute."

On page 550 of Vol. 13, of the American and English Encyclopædia of Law, it is said that —

"In most of the states it has been held that even where money has been expended by the licensee on the faith of the license, the licensor may yet exercise his power of revocation."

The cases cited by appellant from New Hampshire and Arkansas are, we think, expressly overruled by later decisions in said states. *Batchelder v. Hibbard,* 58 N. H. 269; *Houston v. Laffee,* 46 N. H. 505; *Walker v. Shackelford,* 49 Ark. 503 (4 Am. St. Rep. 6, 15 S. W. 887).

Other cases cited by appellant are based upon the earlier English decisions which have since been overruled.

The statute invests the appellant and like corporations with power to condemn land for corporate purposes, and the decree in this case only requires that appellant shall proceed to exercise that power or surrender possession of respondent's premises.

We think that the lower court did not err in its conclusions and its decree is affirmed.

ANDERS and SCOTT, JJ., concur.

DUNBAR, J., dissents.