[No. 2978.  Decided December 27, 1898.]

ELIZABETH T. HORR *et al., Appellants,* v. MARY A. HOLLIS
*et al., Respondents.*

HUSBAND AND WIFE—AGENCY—ESTOPPEL TO DENY AUTHORITY—PARTY
WALL—VALIDITY OF PAROL AGREEMENT.

A wife is estopped from disputing the authority oɪ her hus-
band to make a contract concerning a party wall on her land,
where the evidence shows that, ever since her ownership of the
land, he had exercised complete control over it and the building
erected thereon, by himself making all contracts for its con-
struction and repair, and renting the building and paying taxes
on the property.

Where a party wall agreement has been executed, or there
has been such a part performance of the agreement as to estop
the parties from denying the existence of the easement, its valid-
ity cannot be attacked on the ground that it rested in a parol
agreement.  (REAVIS, J., dissents.)

Appeal from Superior Court, Thurston County.—Hon.
E. D. BENSON, Judge.  Affirmed.

*George H. Funk,* and *Daniel Gaby,* for appellants:

The answer of defendants shows that they are relying
upon an oral agreement, which they assert made the wall
in question a party wall.  Evidence of such an agreement
is inadmissible.  *Nichols v. Oppermann,* 6 Wash. 620;
*Spinning v. Drake,* 4 Wash. 285; *Brewer v. Cropp,* 10
Wash. 136; *Churchill v. Stephenson,* 14 Wash. 620.

If the husband cannot convey his wife's separate real
property by deed, then he cannot estop her by his acts,
declarations or conduct, as to her real estate.  3 Washburn,
Real Property (5th ed.), p. 84, § 9 a; *Lowell v. Daniels,*
2 Gray, 169 (61 Am. Dec. 448).  Where a husband is
sought to be established as the agent of his wife, the proof
of agency must be even stronger than in a case where that

relationship does not exist. Mechem, Agency, § 63; 2 Bishop, Married Women, § 369; *Eystra v. Capelle,* 61 Mo. 578; *McLaren v. Hall,* 26 Iowa, 297.

Equitable estoppel is based upon some fraud, or misrepresentation, and is, in fact, estoppel by misconduct. Bigelow, Estoppel (5th ed.), pp. 556, 570; *Brant v. Virginia Coal & Iron Co.,* 93 U. S. 326 (23 L. ed. 927); *Boggs v. Merced Mining Co.,* 14 Cal. 366; *Griffith v. Wright,* 6 Colo. 248; *Martin v. Zellerbach,* 38 Cal. 315 (99 Am. Dec. 365); *People v. Brown,* 67 Ill. 435; *Trenton Banking Co. v. Duncan,* 86 N. Y. 221; *Eldred v. Hazlett's Adm'r,* 33 Pa. St. 307. The Chilbergs having knowledge that they were trespassing, there could be no estoppel. Herman, Estoppel, §§ 949, 957; Pomeroy, Equity Jurisprudence (2d ed.), § 805; *Hill v. Epley,* 31 Pa. St. 331.

One who places improvements on real estate, the title to which he knows is in another person, does so at his peril, and cannot invoke the doctrine of estoppel against the real owner who stood by and did not object. *Steel v. Smelting Co.,* 106 U. S. 447 (27 L. ed. 226); *Henshaw v. Bissell,* 18 Wall. 271 (21 L. ed. 835); *Poynter v. Chipman,* 32 Pac. 690; *Schaidt v. Blaul,* 6 Atl. 669; *Casey v. Inloes,* 1 Gill, 502 (39 Am. Dec. 658); *Gray v. Bartlett,* 20 Pick. 186 (32 Am. Dec. 208). The silence of Elizabeth T. Horr, while her property was being used by the Chilbergs, could not estop her, as that silence did not in any way mislead or deceive them. *Crest v. Jack,* 3 Watts, 238 (27 Am. Dec. 353); *Coombs v. Salt Lake, etc., Ry. Co.,* 34 Pac. 248; *Taylor v. Riley,* 14 Pac. 476; *Knouff v. Thompson,* 16 Pa. St. 364. A party is not estopped for remaining silent or inactive when he is under no obligation, legal or moral, to speak or act. *Simmons v. Taylor,* 23 Fed. 849; *Perry v. Dow,* 9 Atl. 12. Equity will not, on the mere ground of silence, relieve one who is perfectly ac-

quainted with his rights, or has the means of becoming so, and yet wilfully undertakes to proceed in expending money upon the lands of another without obtaining or asking his consent. *Tongue's Lessee v. Nutwell,* 17 Md. 212 (79 Am. Dec. 649); *Odlin v. Gove,* 41 N. H. 465 (77 Am. Dec. 773); *Patterson v. Esterling,* 27 Ga. 205; *Fisher's Ex'r v. Mossman,* 11 Ohio St. 42.

*O. G. Ellis,* and *Troy & Falknor,* for respondents:

Appellants erected their wall on the boundary line and partly on the lots of the respondents. This, by implication of law, without express agreement, gave Chilbergs the right to treat and use the wall as a party wall at their election. *Bank of Escondido v. Thomas,* 41 Pac. 462; *Costa v. Whitehead,* 20 La. An. 341; *Guttenberger v. Woods,* 51 Cal. 523; *Nalle v. Paggi,* 1 L. R. A. 33, and notes; *Orman v. Day,* 5 Fla. 385; 2 Washburn, Real Property (5th ed.), p. 385.

The oral agreement between Chilberg and Horr with regard to the use of the wall is fully executed, and therefore not within the statute of frauds. A party wall agreement by parol, if executed, creates an easement which attaches to and runs with the land and cannot be revoked. *Rice v. Roberts,* 24 Wis. 461 (1 Am. Rep. 195); *Pireaux v. Simon,* 79 Wis. 392; *Hammond v. Schiff,* 100 N. C. 161; *Huck v. Flentye,* 80 Ill. 258; *Eckleman v. Miller,* 57 Ind. 88; *Burton v. Moffitt,* 30 Ore. 29; *Miller v. Brown,* 33 Ohio St. 547; *Zeininger v. Schnitzler,* 28 Pac. 1007; *Price v. Lien,* 51 N. W. 52; *Wickersham v. Orr,* 9 Iowa, 254 (74 Am. Dec. 348).

An equitable estoppel will constitute a good defense to an action of ejectment, under the rules of modern pleading and practice. *Moore v. Brownfield,* 10 Wash. 439; *Berry v. Seawall,* 65 Fed. 742; *Welchel v. Thompson,* 39 Ga. 559 (99 Am. Dec. 470); *Kirk v. Hamilton,* 102 U. S.

68 (26 L. ed. 79); *Dickerson v. Colgrove,* 100 U. S. 578
(25 L. ed. 618); *Shaw v. Beebe,* 35 Vt. 205; *Wendell v.
Van Rensselaer,* 1 Johns. Ch. 344; *Landigan v. Mayer,*
51 Pac. 649; *Faxton v. Faxon,* 28 Mich. 159. And fur-
ther, to show that Mrs. Horr's silence and acquiescence
estops her, we cite the following authorities: Washburn,
Easements (4th ed.), p. 112; 2 Herman, Estoppel, pp.
1093-1097; Bigelow, Estoppel, pp. 560-578; *Forbes v.
McCoy,* 40 N. W. 132; *Koopman v. Blodgett,* 38 N. W.
653, and note (14 Am. St. Rep. 527).

Where a married woman holds out her husband as her
agent, or authorizes him to act in a given capacity, has
knowingly and without dissent permitted such acts and
accepted the fruits of them, she will be bound by such
acts, even with regard to her lands, so far as is necessary
to protect innocent parties who have dealt with such agent.
*Curtis v. Janzen,* 7 Wash. 58; *Goetter v. Norman,* 19
South. 56; *Wells v. American Mtge. Co.,* 20 South. 136;
*Harding v. Montague,* 36 S. W. 958.

The opinion of the court was delivered by

GORDON, J.—This was an action in ejectment brought
in the superior court of Thurston county. At the con-
clusion of plaintiffs' case to the jury, a judgment of non-
suit was ordered, and the plaintiffs have appealed. We
think that the following facts are fairly established by the
record: Plaintiff Elizabeth T. Horr is the owner in her
own right of parts of lots 1 and 2 in block 14 of the
original plat of the city of Olympia, and has continuously
owned the same since 1882. In the year 1884 she erected
thereon a two-story brick building. The location of the
south wall of this building is one of the disputed questions.
It is claimed by plaintiff that, with the exception of an
iron pilaster at the southwest corner thereof, which is con-
ceded to extend upon the premises of defendants two inches

or thereabouts, the wall is wholly upon plaintiff's property, and that the true line between plaintiff's property and defendants' varies from a half to an inch to the south of the wall of plaintiff's building. In the summer of 1891, Joseph Chilberg and Theresa Chilberg, the then owners of portions of lots 1 and 2, adjoining plaintiff's property on the south, commenced the erection of a three-story brick building upon their property, and in the construction thereof built into and made use of the south wall of plaintiff's building to the extent of the height thereof, viz., two stories, and upon the top thereof built a wall eight inches in width to the height of an additional story, and extended the south wall of plaintiff's building easterly for a distance of about five and a half or six feet and to the height of three stories. At or about the time that the Chilbergs commenced the construction of the building upon their lot, they gave a mortgage to the Lombard Investment Company for the purpose of securing funds to be used in the construction of the building. Thereafter the mortgage was assigned to the respondents and subsequently foreclosed, and at the sale the property was purchased by the respondents, who immediately entered into possession and occupancy thereof and ever since have continued therein. It is respondents' contention that the south wall of plaintiff's building is partly upon plaintiff's lot and partly upon the lot of the respondents; and also that, by an agreement. between the Chilbergs and plaintiff, the south wall of plaintiff's building was made and constituted a party wall, and the use made thereof by the Chilbergs in constructing their building was in pursuance of such agreement.

We think the judgment of non-suit must be affirmed upon two grounds: First, from the case made by the plaintiff's own evidence, it does not clearly appear that

the wall in question is within the limits of the property owned by plaintiff. It is conceded by the plaintiff that the pilaster heretofore mentioned is, to the extent of at least two inches, upon the property of the defendants, and the evidence on her behalf also showed that the east end of the wall extended easterly by the Chilbergs is at least two or two and a half inches south of the south line of plaintiff's lot. The evidence, in our opinion, would not warrant us in holding that the south line of plaintiff's wall was wholly within the limits of plaintiff's lot; and, in view of the concession that in part, at least, plaintiff's building is upon the property of the defendants, it would follow, as a necessary consequence, that, if plaintiff can maintain this action, the defendants could also maintain a like action for the recovery of at least a portion of their premises which is occupied by plaintiff's building. So that, upon the main question here, there was not such a clear case as would justify a recovery by plaintiff.

Coming to the second question requiring consideration, the evidence shows that at all times since plaintiff has owned lot 1, she has been a married woman, living with her husband, J. C. Horr; that the husband has had the sole management of such property; he employed the architect who designed the building; he paid the workmen who constructed it; he has made contracts for its rental; from time to time, as repairs or improvements became necessary, he designed and paid for the same; he has paid the taxes upon the property, and in every respect, and without any interference or objection from her, so far as the record shows, he has exercised complete dominion over the property from the time when it was acquired by plaintiff, in 1882, down to the time of the trial. Prior to the erection of plaintiff's building in 1884, he negotiated with the Chilbergs with a view to reaching an agreement concerning the uses to be made of the south wall of plaintiff's

building, and agreed that, if the Chilbergs should not build upon their lot for a period of five years after the construction of plaintiff's building, thereby enabling plaintiff to enjoy the light derivable from windows constructed in the south side of their building, the Chilbergs might at any time after the expiration of such period of five years, in building upon their property, make use of the south wall of plaintiff's building as a party wall, upon paying therefor one-half of the cost of the said south wall, the cost to be determined by the architects of the respective parties. It appears that this agreement was respected by the Chilbergs, and it is a significant fact in that connection that the pilaster heretofore referred to was knowingly placed by the plaintiff upon the Chilberg property. At the time that the erection of the Chilberg building was begun, plaintiff and her husband were living in their own building. There was at that time some further talk between plaintiff's husband and Chilberg in regard to using the wall as the north wall of the Chilberg building. One half of the cost of the wall which had theretofore been built by the plaintiff was to be paid by Chilberg, and the cost thereof was to be determined by the architects of the two parties, and it appears that the husband of plaintiff selected as their architect one Hartsock. Shortly thereafter J. C. Horr went east. Prior to going he advised the plaintiff of his arrangement with Chilberg, and of the fact that he would leave Mr. Hartsock in charge of the matter, and that she should advise with him in reference thereto if it should become necessary. During his absence, which extended over a period of two months or ten weeks, the Chilbergs proceeded with the construction of their building. There never was, at any period from the commencement until the completion thereof, any objection upon the part of the appellants or either of them, although, as previously mentioned, the plaintiff was con-

tinuously living in the building upon her own premises during that time. The windows in the south wall of her building were closed and a skylight constructed in their stead. Subsequent to the completion of the Chilberg building, plaintiff's husband and Chilberg settled upon $800 as the amount which Chilberg should pay for the use of the wall, and Chilberg thereupon agreed to pay that sum, but has not done so. But it is insisted upon the part of the plaintiff that the authority of the husband to make such an agreement as is here considered must be in writing, to take it out of the statute of frauds, and that it was not competent for the defendant, upon cross-examination of plaintiff's witnesses, to prove such authority by parol. But the contention of the plaintiff cannot be sustained. In an early case, *Carstens v. McReavy,* 1 Wash. 359 (25 Pac. 471), this court laid down the rule that "the statute of frauds may be satisfied by the execution of a contract for the sale of lands by the hand of another person than the party to be charged, if that person be thereunto lawfully authorized, and it is well settled that such third person may be thus lawfully authorized orally, by written direction not under seal, and, even, *by a course of conduct amounting to an estoppel."* The rule thus stated has been subsequently adhered to (*Monfort v. McDonough, post,* p. —, decided November 22, 1898); and such is the current of decisions in this country. 1 Reed, Statute of Frauds, § 379; Bishop, Contracts, § 1049; 8 Am. & Eng. Enc. Law, p. 719, and authorities there cited.

The plaintiff must be held estopped to deny the authority of her husband to make the agreement with Chilberg whereby the wall in question was made a party wall.

Another contention is that the agreement to make the wall a party wall is within the statute of frauds and consequently void. Conceding, as a general rule, that an interest in land can only be created by deed, an exception exists

in the case of a party wall agreement which has been executed, or when there has been such a part performance of the agreement as will estop the parties from denying the existence of the easement.   Boone, Real Property, § 145; Jones, Easements, § 642; *Rawson v. Bell,* 46 Ga. 19; *Rindge v. Baker,* 57 N. Y. 209 (15 Am. Rep. 475).

The difference between holding that a verbal license to enjoy a privilege on the land of another is revocable at the will of the licensor, and holding that a parol agreement fully executed, under which a party wall has been built, creates an easement which runs with the land and cannot be revoked, is what distinguishes the case of *Hathaway v. Yakima Water, Light & Power Co.,* 14 Wash. 469 (44 Pac. 896, 53 Am. St. Rep. 874), from the present case, and the distinction rests upon a very firm foundation.

We are not called upon in this case to, nor can we properly, determine whether the defendants can be made liable for the sum which the Chilbergs agreed to pay for an interest in plaintiff's wall, and therefore we decline to enter upon the discussion of that question.

The judgment of the superior court must be, and it is, affirmed.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.

REAVIS, J.—I cannot distinguish this case from *Hathaway v. Yakima Water, Light & Power Co.,* 14 Wash. 469 (44 Pac. 896), and conclude that the former adjudication is substantially controlling in the case at bar.