[No. 6223. Decided September 25, 1906.]

BELGRAVE R. ATKINSON *et al.*, *Respondents*, v. WASHINGTON IRRIGATION COMPANY, *Appellant*.[1]

PUBLIC LANDS—RIGHTS OF SETTLER BEFORE PATENT—WATERS AND WATER COURSES — APPROPRIATION — IRRIGATING CANAL — INJUNCTION. United States Rev. Stats., §§ 2339 and 2340, recognizing the right to appropriate water according to local customs, subject to the payment of damages to settlers on the public domain, and declaring that patents shall issue subject to vested or accrued water rights, does not confer the right upon an irrigation company to dig a canal across the lands of a settler after the initiation of his homestead entry, or confine the settler to an action for damages after issuance of the patent, but injunction lies to prevent the use of such canal unless a right of way be condemned by the irrigation company.

SAME—ESTOPPEL—SUFFERING CONSTRUCTION OF CANAL. The fact that a settler on the public domain suffers an irrigation company to dig a canal across the land after the initiation of his homestead entry, will not estop him from enjoining the use of the canal after the issuance of the patent from the government.

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered January 10, 1905, in favor of the plaintiffs, after a trial on the merits before the court without a jury, enjoining the operation of an irrigation ditch across plaintiffs' land. Affirmed.

*E. F. Blaine* and *Ira P. Englehart*, for appellant.

*William B. Bridgman*, for respondents.

DUNBAR, J. — Excluding all immaterial statements, the plaintiffs brought an action to enjoin the defendant from conducting an irrigation ditch over their land in Yakima county. It appears from the record and the findings of fact that the land in question was government land of the United States on the 18th day of June, 1898, and that on that date the plaintiff, who is one of the respondents here, Belgrave R. Atkinson, filed his homestead entry on it, and

[1]Reported in 86 Pac. 1123.

afterwards on the 10th day of July, 1903, made final proof, and patent was issued to him for this land on the 13th day of July, 1904. During the year 1902, before the plaintiffs had made final proof on the land and two years before they had received a patent for it, the defendant constructed a lateral ditch across the plaintiffs' land. We do not find it necessary or pertinent to mention the other ditches which are discussed in defendant's brief, for the reason that they are not in controversy in this suit. The plaintiffs permitted the defendant to build this lateral ditch across their land in the year 1902; that is, they made no objection, and made no claim against the defendant company prior to the commencement of this action for an injunction. No claim has been made for damages from the defendant, and no damages are asked in this action. The relief prayed for is injunctive relief, the complaint being that the defendant is using plaintiffs' property without making compensation therefor and without due process of law. The court found that the plaintiffs were entitled to have a decree entered, enjoining the defendant from using and occupying said strip of land used and occupied by it in the maintenance and operation of the canal described in the complaint; but that the defendant be given thirty days from and after the date of the judgment in which to appear in the action and file an amended answer therein or commence an independent proceeding to condemn a right of way for said canal, and that the injunctive relief be suspended until the expiration of said thirty days; and judgment was entered accordingly. From this judgment the appeal is taken.

The appellant's claim is based upon §§ 2339 and 2340, Revised Statutes of the United States, which are as follows:

"Sec. 2339. Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts, the possessors and owners of such

vested rights shall be maintained and protected in, the same; and the rights of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed; but whenever any person, in the construction of any ditch or canal, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured, for such injury or damage.

"Sec. 2340.   All patents granted, or pre-emption or home-steads allowed, shall be subject to any vested and accrued water-rights, or rights to ditches and reservoirs used in connection with such water-rights, as have been acquired under or recognized by the preceding section."

It is the contention of the appellant that the irrigation company, having built its lateral canal before patent was issued to the respondents, their patent is subject to the rights of the appellant which had vested before such patent was issued. The principal case relied upon is *Tynon v. Despain*, 22 Colo. 240, 43 Pac. 1039, and that case does hold that, under the statutes quoted, the patent issues in subjection to the rights of the irrigation company, where the canal had been constructed before the issuance of the patent but after the filing by the homestead applicant.   But this case we think stands alone in this extreme construction of the statute.   Colorado, no doubt, by reason of its extreme arid condition, has gone further in the protection of water rights to irrigating canals than any other state.   But this, it seems to us, is an unnatural construction of §§ 2339 and 2340, and the question of when rights have vested and accrued still remains.   They had not vested and accrued by priority of possession or otherwise at the time the respondent had filed his homestead claim upon this land, and when a citizen of the United States makes a homestead filing, there is an implied contract that when he meets the requirements of the homestead laws with reference to residence, cultivation, improvements, etc., the government will invest him with the legal title.   Certainly it was not the intention of Congress in the passage of the acts above quoted to allow

others, pending the consummation of the initiated rights, to invade the settler's possession, thus rendering nugatory the implied contract upon which the homestead applicant had acted and expended his time and money in making improvements, etc., and make uncertain the final disposition of the soil. And there seems to be no more reason for allowing this invasion of right by an irrigation company than by any one else. The irrigation of arid lands is important, but the project does not possess exclusive importance.

In the state of California the decisions rendered have been exactly contrary to the Colorado case. There it was held in *McGuire v. Brown*, 106 Cal. 660, 39 Pac. 1060, 30 L. R. A. 384, which is the leading case in the state and a case most excellently reasoned, that the statutes above quoted do not confer the right upon an appropriator of water on public land to go upon land after its entry by another as a homestead but before the claimant had made final proof, and change the point of diversion or construct new ditches or in any way to interfere with the initiatory rights of the homestead applicant. *Sturr v. Beck*, 133 U. S. 541, 10 Sup. Ct. 350, holds that the filing of a homestead entry of a tract across which a stream of water runs in its natural channel with no right or claim of right to divert it therefrom, confers a right to have the stream continue running in that channel without diversion, which right, when completed by full compliance with the requirements of the statutes on the part of the settler, relates back to the date of the filing, and cuts off intervening adverse claims to the water. The reasoning in this case would apply equally to the relation back of the right of the homestead entryman to the land conveyed to him by the patent. The same principle was laid down by this court in *Slaght v. Northern Pac. R. Co.*, 39 Wash. 576, 81 Pac. 1062, in construing practically the same kind of a statute. So far as the question of estoppel is concerned, by reason of the respondents having made no objection to the

digging of a canal, that question was decided adversely to appellant's contention by this court in *Hathaway v. Yakima Water etc. Co.*, 14 Wash. 469, 44 Pac. 896, 53 Am. St. 847.

The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, HADLEY, and FULLERTON, JJ., concur.