[No. 8071.  Department Two.  September 29, 1909.]

JOHN WEIDENSTEINER, *Appellant*, v. JOHN MALLY *et al.*,
*Respondents.*[1]

WATERS AND WATER COURSES—LICENSES—REVOCATION.  Permission
to divert the waters of a creek on defendants' land by a ditch for
domestic and irrigation purposes, the defendants refusing to either
sell or convey a permanent right of way, is a license merely, rev-
ocable at will.

SAME—ADVERSE POSSESSION—PRESCRIPTIVE RIGHT—REPUDIATION OF
LICENSE.  The use of a ditch to convey waters for the statutory
period, given by a license, will not ripen into a prescriptive right,
where there was no repudiation of the license with notice thereof to
the licensor.

SAME—APPROPRIATION.  Waters of a creek already appropriated
are not subject to appropriation under the statute.

SAME—ADVERSE POSSESSION—HOSTILE CLAIM—LICENSE.  An at-
tempt to make a statutory appropriation of water, used under a
license, does not amount to an adverse claim, where it was not so
intended, being merely to prevent appropriation by others, and the
licensor had no notice of any adverse claim.

Appeal from a judgment of the superior court for Stevens
county, Carey, J., entered February 1, 1909, in favor of
the defendants, after a trial on the merits before the court
without a jury, dismissing an action to restrain the diversion
of the waters of a ditch.  Affirmed.

*Robertson, Miller & Rosenhaupt*, for appellant.
*Judson & Rochford*, for respondents.

MOUNT, J.—In the year 1890, the appellant and the re-
spondents settled and filed government homesteads upon ad-
joining claims, of one hundred and sixty acres each, in
Stevens county.  A small creek, known as Grouse creek,
flowed through the respondents' land.  This creek did not
touch the land of the appellant.  Government patents were

[1]Reported in 104 Pac. 143.

issued to the parties in 1897 and 1898. In the year 1902, after the parties had settled and filed upon their land, the appellant requested permission from the respondents to take water out of Grouse creek and convey the same across the land of the respondents to his own land, for domestic purposes. This permission was granted by respondents orally, and thereupon the appellant dug a ditch across the respondents' land and has maintained the same ever since.

At the time this permission was granted, the appellant offered to pay for the right of way, and requested respondents to convey such right of way in writing, but respondents refused to sell the same or to make any conveyance thereof to the appellant. Thereafter the appellant used the ditch for carrying water for domestic uses and for irrigation, each year increasing the amount of irrigation until, at the time this case was tried, he had about fifteen acres of land in cultivation and under irrigation. Some time after appellant began to use the water for irrigation, he filed a claim of appropriation of certain waters in Grouse creek, describing the intake on appellant's land and the course of his proposed ditch substantially upon the line of the ditch then in use as above stated. The respondents during all this time were also using a part of the water of Grouse creek upon their own land for irrigation and domestic uses.

In the year 1906, the respondents constructed a sawmill upon their own land and upon this creek, and also constructed a dam across the creek above the intake of appellant's ditch, and thus diverted the water from appellant's ditch, and used the same for the purpose of operating the mill. Thereafter the appellant brought this action to restrain respondents from diverting the water from the ditch, used by the appellant for domestic and irrigating purposes. Upon the trial the court concluded that the use of the water and the ditch by the appellant across the respondents' land was a mere permissive use, the license for which could be revoked at any time, and dismissed the action.

Plaintiff appeals, and argues that he is entitled to a prescriptive right by adverse user, of the ditch and the water which flows therein, for more than the statutory period. The evidence in the case, however, is clear that the right to construct the ditch and use the water from Grouse creek was a mere permissive right, granted by the respondents to appellant, and that respondents refused either to sell or convey a permanent right. Such right or license was revocable at the will of respondents, and could not be enforced thereafter by the appellant. *Hathaway v. Yakima Water L. & P. Co.,* 14 Wash. 469, 44 Pac. 896, 53 Am. St. 847; *Prentice v. McKay* (Mont.), 98 Pac. 1081. The permissive use of the ditch or the water across respondents' land, no matter how long continued, could not give title by prescription to the appellant. 22 Am. & Eng. Ency. Law (2d ed.), 1196; Wiel, Water Rights, § 248, p. 379.

Under the circumstances of this case, before there could be any adverse holding, it was necessary for the appellant to have repudiated the license and brought knowledge of such repudiation home to the respondents. 22 Am. & Eng. Ency. Law (2d ed.), p. 1198. We find nothing in the record to show that the license given by the respondents to appellant was ever repudiated by the appellant. It is true, that the appellant at one time attempted to file an appropriation of certain water under the statute, but such appropriation was clearly not effective under the rule in *Benton v. Johncox,* 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 39 L. R. A. 107, because the water was already appropriated by the respondents. See, also, *Atkinson v. Washington Irrigation Co.,* 44 Wash. 75, 86 Pac. 1123, 120 Am. St. 978.

If this attempted appropriation could be considered as tending to show an adverse claim, there is evidence in the record to show that it was not so intended at the time, but was for the purpose only of preventing an appropriation by

other persons who might subsequently claim a portion of the water. At any rate, the respondent had no notice of · any adverse claim against his rights. We are of the opinion, therefore, that the right given to appellant was a mere license, revocable at will, and that there is no sufficient evidence of any adverse holding on the part of appellant to sustain the claim of rights by prescription.

The judgment of the lower court was right, and it is affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and CROW, JJ., concur.