[No. 8569.   Department Two.   January 22, 1910.]

## L. H. LITTLE et al., *Appellants*, v. ROBERT GIBB et al., *Respondents.*[1]

DEEDS—ACKNOWLEDGMENT—NECESSITY—NOTICE.  A written grant of an interest in land—an easement for water pipes—is valid without acknowledgment, as between the parties and subsequent purchasers with notice.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 15, 1908, upon sustaining a demurrer to the complaint, dismissing an action for an injunction.   Reversed.

*Edgar C. Snyder*, for appellants.

*George U. Wenner*, for respondents.

RUDKIN, C. J.—On the 21st day of July, 1906, Charles Bemis was the owner of tracts 5 and 6 of Sturtevant's Plat of Rainier Beach Acre Tracts, in King county, and on that day, by an instrument in writing, granted to the plaintiffs, who were the owners of a portion of tract 4 of the same plat, the right to construct and maintain a service water pipe across tracts 5 and 6 for the purpose of conducting water to certain cottages owned by the plaintiffs on tract 4.   The present action was instituted by the plaintiffs against the defendants, as successors in interest to Bemis in tracts 5 and 6, to restrain them from breaking up or injuring the water pipes or interfering with the flow of water therein.   The complaint alleged the execution and delivery of the instrument granting the right or easement to the plaintiffs; that the defendants purchased from Bemis with notice of the rights of the plaintiffs; that the defendants were threatening to break up and sever the water pipes, etc.   A demurrer interposed to this complaint was sustained, and the plaintiffs electing to

[1] Reported in 106 Pac. 491.

stand on their complaint and refusing to plead further, a judgment of dismissal was entered, from which this appeal is prosecuted.

The briefs state that the demurrer was sustained upon the ground that the written grant of the right of way or easement was revocable at will, because not acknowledged by the grantor, as required by the laws of this state, and this is the sole ground upon which it is here sought to sustain the judgment of the court below. The case of *Hathaway v. Yakima Water, Light & Power Co.*, 14 Wash. 469, 44 Pac. 896, 53 Am. St. 874, upon which the respondents chiefly rely, has no application to the facts in this case, for the reason that we are not here concerned with a parol grant of an easement or interest in land. The grant in this case was evidenced by writing, and this court has held, in common with most courts, that an unacknowledged deed is good as between the parties thereto, and against subsequent purchasers with notice thereof. *Matson v. Johnson*, 48 Wash. 256, 93 Pac. 324, 125 Am. St. 924, and cases cited. The written instrument attached to the complaint as an exhibit in this action was, therefore, a valid grant as between the parties, and is equally valid against the respondents, if they purchased with notice of the prior grant to the appellants, as alleged in the complaint.

For the foregoing reasons the judgment is reversed, with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.

DUNBAR, CROW, MOUNT, and PARKER, JJ., concur.