[No. 14445. Department One. October 23, 1918.]

J. C. LEMLEY *et al., Appellants,* v. C. W. JONES. *et al., Respondents.*[1]

WATERS AND WATER COURSES (56)—LAKES OR SURFACE WATERS, DRAINAGE OR DISCHARGE. The owner of land has no right to remove a natural barrier and permit the waters of natural lakes on his land, with the spring accumulations from rain and snow, to escape and be discharged upon the lower lands of an adjoining owner.

SAME (70)—CONTRACTS—LICENSES (17)—REVOCATION. A verbal license to remove a natural barrier and permit natural lakes and surface accumulations to be discharged upon the lower lands of an adjoining owner is revocable at the will of the licensor, although money has been expended thereon.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered January 4, 1917, upon findings in favor of the defendants, dismissing an action for an injunction, tried to the court. Reversed.

*Guy T. Walter* and *N. W. Washington,* for appellants.

MAIN, C. J.—This action was brought to obtain an injunction. The cause was tried to the court without a jury, the relief prayed for was denied, and a judgment entered dismissing the action. From this judgment, plaintiffs appeal.

The parties to this action are, respectively, the

[1]Reported in 176 Pac. 4.

owners of adjoining farms or tracts of land in Douglas county. Upon the respondents' land, there is a body of water known as Tule lake, which covers an area varying with the seasons of the year from fifteen to twenty-five or thirty acres. To the northwest of this lake is a series of smaller lakes which many years ago were connected with each other and with Tule lake by means of a ditch. Beyond the series of smaller lakes is a natural barrier. During the spring season, when the waters in Tule lake and the other lakes rise owing to the rains and melting snows, the waters overflow this natural barrier and continue in a course until they reach the land owned by the appellants. Some distance beyond the natural barrier, and on the land of the respondents, is the head of what is called a gulch, which extends to or upon the land of the appellants. The respondents cut through or lowered the natural barrier above referred to so that the waters of Tule lake would pass through, reach the gulch, and finally flow upon the land of appellants. By this action, the appellants sought to restrain the lowering of the natural barrier and thus permitting the waters of Tule lake to reach their land, which otherwise would not have done so.

In *Noyes v. Cosselman*, 29 Wash. 635, 70 Pac. 61, 92 Am. St. 937, it was held that an owner of land upon which there was a natural accumulation of water into a swamp or lake had no right to improve his land by draining such waters from one portion of his land through a natural barrier to another portion, whence it would escape over the lower lands of an adjoining proprietor. It is said, however, and the trial court found, that the lowering of the barrier in the present case was orally agreed to. While the evidence as to whether such an oral agreement was made is in dis-

pute, we will assume that the facts on this question are as found by the trial court. In *Hathaway v. Yakima Water, L. & P. Co.,* 14 Wash. 469, 44 Pac. 896, 53 Am. St. 874, it was held that a verbal license to enjoy a permanent privilege on the land of another is revocable at the will of the licensor, although money may have been expended thereunder by the licensee.

From the two cases cited, it seems to necessarily follow that appellants had a right to injunctive relief to prevent the waters of Tule lake from flowing upon their land, which was the result of the lowering of the natural barrier.

The judgment will be reversed, and the cause remanded with direction to enter a judgment in favor of the appellants.

PARKER and FULLERTON, JJ., concur.