[No. 6884. Decided February 10, 1908.]

ED. V. DICKEY *et al.*, *Respondents*, v. A. L. MADDUX *et al.*, *Appellants*.[1]

WATERS—APPROPRIATION — BOGS ON PUBLIC LANDS — STATUTES— CONSTRUCTION. Pools of water in a bog or marsh on public lands, about one-half an acre in extent, occasioned by seepage water coming from a hillside, fed by no live springs, stream, or channel of water, and having no flow from the bog, are not subject to appropriation under the common law, nor under territorial laws 1873, p. 520, authorizing the appropriation of the waters of streams or creeks in Yakima county.

SAME—PRESCRIPTION—COMPLIANCE WITH STATUTE. No prescriptive right to waters of a bog or marsh, used since 1884, can be claimed under Laws 1891, p. 327, where there has been no attempt to comply with the provisions of such law since its enactment.

RUDKIN and FULLERTON, JJ., dissent.

Appeal from a judgment of the superior court for Kittitas county, Rigg, J., entered January 31, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, enjoining the taking of water from springs appropriated by the plaintiffs. Reversed.

*J. B. Davidson*, for appellants, contended, *inter alia*, that the owner of the soil has the exclusive right to a spring formed by percolating waters. *Southern Pac. R. Co. v. Dufour*, 95 Cal. 615, 30 Pac. 783, 19 L. R. A. 92; *Metcalf v. Nelson*, 8 S. D. 87, 65 N. W. 911, 59 Am. St. 746; *Tampa Waterworks Co. v. Cline*, 37 Fla. 586, 20 South. 780, 53 Am. St. 262, 33 L. R. A. 376; *Bloodgood v. Ayers*, 108 N. Y. 400, 15 N. E. 433, 2 Am. St. 443; Angell, Watercourses (7th ed.), §§ 108b and 108p; Farnham, Waters & Water Rights, p. 2082, § 672a. And a prescriptive right cannot be obtained by the use of the same. *Wheelock v. Jacobs*, 70 Vt. 162, 40 Atl. 41, 67 Am. St. 659, 43 L. R. A. 105; *Frazier v.*

[1]Reported in 93 Pac. 1090.

*Brown*, 12 Ohio St. 294; *Crescent Min. Co. v. Silver King Min. Co.*, 17 Utah 444, 54 Pac. 244, 70 Am. St. 810; *Elster v. Springfield*, 49 Ohio St. 82, 30 N. E. 274; *Wheatly v. Baugh*, 25 Pa. St. 528; 64 Am. Dec. 721; *Trustees of Delhi v. Youmans*, 50 Barb. 316; *Chase v. Silverstone*, 62 Me. 175, 16 Am. Rep. 419.

*Hovey & Hale*, for respondents, to the point that the right of appropriation exists as to springs, whether by percolation or not, cited: *Willis v. Perry*, 92 Iowa 297, 60 N. W. 727, 26 L. R. A. 124; *Smith v. Brooklyn*, 160 N. Y. 357, 54 N. E. 787, 45 L. R. A. 664; *Bruening v. Dorr*, 23 Colo. 195, 47 Pac. 290, 35 L. R. A. 640; 2 Farnham, Water Rights, pp. 1559, 1655, 1744, 1751, 2410; *Crescent Min. Co. v. Silver King Min. Co.*, 17 Utah 444, 54 Pac. 244, 70 Am. St. 810.

Root, J.—This is an action brought by respondents to enjoin appellants from interfering with the taking of water from certain alleged springs situated on the lands of appellants, which water the respondents claim was appropriated by their predecessor in interest in 1883. From a decree in favor of plaintiffs, this appeal is taken by defendants.

It is urged by appellants that the so-called springs are not flowing springs, nor in reality springs at all, and that there is no stream connected therewith; but that they are merely pools of seepage water coming from the side hill, and making a marsh or bog, and not constituting the character of water authorized to be appropriated under the law.

It appears that there was about half an acre of these so-called springs, and that during a portion of the year there was a surrounding area of something like ten acres which was marshy. One witness said "there was a piece of level ground that goes off to the south and drops very abruptly; these springs rest right in the brow of that little drop-off. There was quite a bit of water standing around in the springs; looked like there might be five or six springs." The evidence

showed that there was no stream leading into these springs, and that the water therefrom formed no channel or stream in leaving, although during a portion of the wet season of the year some of the water would flow down (but not in any stream or channel) for a short distance on the side hill, where it would disappear in the soil.

A territorial statute enacted in 1873 reads as follows:

"Be it enacted by the legislative assembly of the territory of Washington, that any person or persons, corporation or company who may have or hold a title or possessory right or title to any agricultural lands within the limits of Yakima county, Washington territory, shall be entitled to the use and enjoyment of the waters of the streams or creeks in said county for the purpose of irrigation and making said land valuable for agricultural purposes to the full extent of the soil thereof." Laws 1873, page 520, § 1.

This and the common law were in force at the time of the alleged appropriation of this water. Respondents claim that these springs are surface bodies of water, and that, though their source may be from percolating water, they themselves are situated open to the air and that they were flowing springs a portion of the year. It is admitted that this land was originally a portion of the Northern Pacific Railway Company's land grant. It is claimed by respondents that the rights of this company did not attach to said lands until December, 1884, and that under § 2339, of the revised statutes, respondents or their predecessors in interest had a right to appropriate this water from these springs prior to said date. An examination of the evidence convinces us that these pools of water were not live springs, and constituted nothing more than a bog occasioned by the seepage water. No stream or channel entered this bog or flowed therefrom. The respondents and their predecessors gathered this water by digging a large number of holes and small ditches, and it was only by this artificial means that any channel was made or any flow of the water obtained other than the natural percolating and

seepage thereof, and there was but a comparatively small amount of that.

We think there was no authority in law for the appropriation of water of this kind prior to the enactment of the state statute of 1891 [p. 327], even if that statute would authorize it, a question not necessary to be now decided.

It is urged by respondents that they have used the water a sufficient length of time since the enactment of the statute of 1891 to give them a prescriptive right thereunder. As they have never complied nor attempted to comply with the provisions of the last-mentioned statute, we do not believe they are entitled to invoke it in support of their claim to the use of this water. See, *Wheelock v. Jacobs*, 70 Vt. 162, 40 Atl. 41, 67 Am. St. 659, 43 L. R. A. 105; *Slaght v. Northern Pac. R. Co.*, 39 Wash. 576, 81 Pac. 1062; *Atkinson v. Washington Irr. Co.*, 44 Wash. 75, 86 Pac. 1123; *Hathaway v. Yakima Water & Light Co.*, 14 Wash. 469, 44 Pac. 896, 53 Am. St. 847.

Farnham, Waters and Water Rights, § 458, says:

"Water oozing from a spring through soft and spongy ground, and flowing into a pond, does not constitute a stream within the meaning of a lease demising the pond of water and the water of the stream leading thereto; and the lessor is not liable for having sunk a tank on the ground adjoining the demised premises, thereby drawing off from the marshy ground such oozing water."

See, also, *Geddis v. Parrish*, 1 Wash. 587, 21 Pac. 314; *Meyer v. Tacoma L. & P. Co.*, 8 Wash. 144, 35 Pac. 601; *Southern Pac. R. Co. v. Dufour*, 95 Cal. 615, 30 Pac. 783, 19 L. R. A. 92; Angell, Watercourses (7th ed.), §§ 108b and 108p; Farnham, Waters and Water Rights, § 672a.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to dismiss the action.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.

RUDKIN and FULLERTON, JJ., dissent.