[No. 17413. Department Two. January 5, 1923.]

## LEE B. PAYS et al., Appellants, v. HARTVIG ROSEBURG et al., Respondents.[1]

WATERS AND WATER COURSES (7, 13)—APPROPRIATION—DIVERSION —NATURAL WATER COURSE. The evidence establishes that there was a natural water course flowing across land used by the owner for irrigation, which others, therefore, had no right to divert, where it appears there was a slough or swamp, fed by living springs on the hillside, through and from which there flowed a well defined creek which carried water at all seasons of the year.

SAME (15, 20)—APPROPRIATION—ABANDONMENT—EVIDENCE—SUF-FICIENCY. The mere failure to mention a water right in deeds and leases is not evidence of abandonment of the right to use the water for irrigation.

Appeal from a judgment of the superior court for Kittitas county, Truax, J., entered December 29, 1921, upon findings in favor of the defendant, upon dismissing an action involving the right to use waters for irrigation. Reversed.

*J. V. Hoeffler* and *Eugene E. Wager*, for appellants.
*Short & Hovey*, for respondents.

TOLMAN, J.—This action involves the right to waters claimed by both parties for irrigation purposes. Appellants, as plaintiffs below, sought a decree establish-

[1]Reported in 211 Pac. 750.

ing their rights and enjoining interference therewith, and from a judgment denying them any relief they have appealed.

Appellants are the owners of some eighty-six acrès of land, located in the northwest quarter of section 2, township 19, north range 15 E. W. M., in Kittitas county, while respondents are owners of the southwest quarter of the same section, some eighteen acres in the northwest quarter, and the east half of the southwest quarter of section 3 adjoining. One Preston made entry on the northwest quarter of section 2 in the spring of 1880, and obtained title thereto from the government in 1883. At the time of his settlement, the land was unsurveyed and there was no other settler within twelve or fourteen miles. He appropriated and began to make use of the waters now claimed, in the summer of 1882. The southwest quarter of the section, now belonging to respondents, was first settled upon in 1884, nearly two years after Preston began to make use of the water, and no claim is here made hostile to the use of the water on the southwest quarter.

It is appellants' contention, well supported by the evidence, that, at the time Preston began to use the water, there was, on the southwest quarter, a considerable slough or swamp, fed by living springs on the hillside above, through which and from which there flowed a well-defined creek which carried water at all seasons of the year and emptied into the Yakima river, and that the water appropriated by Preston, and since used on what are now appellants' lands, was flowing water thus carried naturally from the southwest quarter of the section.

Respondents in terms deny that there was any such natural stream, but their witnesses testify to an outlet which carried the surplus water from the marsh on the southwest quarter, and more than one of them

testified that such outlet carried water all of the time and at all seasons of the year. It appears that respondents' predecessor dug ditches to increase or hasten the flow from the natural springs, straightened and improved the natural channel through the southwest quarter, cleared the land and drained it into such natural channel, and used the water therefrom to irrigate considerable portions of the southwest quarter. The water thus diverted for irrigation purposes, except for natural loss, returned by drainage or seepage to the natural channel and flowed to appellants' land, as though there had been no use made of it, and this flow at all times furnished sufficient water for the irrigation of appellants' lands.

This flow of water appellants claim by right of appropriation and use, and the present action is based upon the admitted fact that respondents have interfered therewith by diverting the water by means of ditches and flumes so that, instead of being returned to the stream after use on the southwest quarter, it is now carried to other lands not riparian to the stream, and from which it cannot by drainage or seepage return to the stream, and it is thus wholly lost to appellants, and the natural flow to their lands is thereby either entirely eliminated or so reduced as to be of little value for irrigation purposes.

We have carefully examined all of the evidence, including the original complaint and the several amended complaints which preceded the one on which the case was tried and which failed to allege that the water flowed from respondents' lands by means of a natural stream or water course, and are now convinced that it is established by a great preponderance of the evidence that, until interfered with, there was a natural stream or outlet flowing from the southwest quarter by means of which the water reached appellants' lands, and that

such waters were subject to appropriation. We are not unmindful of what is said in *Dickey v. Maddux,* 48 Wash. 411, 93 Pac. 1090, and *Hayward v. Mason,* 54 Wash. 653, 104 Pac. 141, upon which respondents rely; but since we find that there is here a natural water course through which the water flowed at all times, these cases do not apply. As to what are natural water courses, see *Miller v. Eastern R. & Lumber Co.,* 84 Wash. 31, 146 Pac. 171, and cases there cited.

Some contention is made that the Preston appropriation was abandoned; but if this would be a defense, it is not established by the evidence. The mere failure to mention the water right specifically in deeds and leases is not evidence of abandonment, especially as it appears that the persons then in possession, even if not asserting title thereto, were using all of the water which flowed to the lands.

It is asserted, and there is some testimony to the effect, that the diversion complained of was in part for drainage purposes; but, considering respondents' testimony as a whole upon that point, it fails to convince that such was the purpose or that the diversion has in fact resulted in any benefit by way of drainage to their land in the southwest quarter.

It follows that appellants were entitled to a decree establishing their right to the amount of water which flowed naturally from the southwest quarter and enjoining interference therewith.

The judgment is reversed, and the case remanded with instructions to enter a judgment in accordance with the views herein expressed.

PARKER, C. J., FULLERTON, MAIN, and BRIDGES, JJ., concur.