[No. 18501.    Department Two.    January 9, 1925.]

LEE B. PAYS *et al., Respondents,* v. HARTVIG ROSEBURG
*et al., Appellants.*[1]

APPEAL (475)—DECISION—QUESTIONS CONCLUDED. A decision on a former appeal that parties in possession of water were using all the water that flowed to the lands, is conclusive of the question on a subsequent appeal.

WATERS AND WATER COURSES (97-1)—PUBLIC SUPPLY—IRRIGATION— ACTION TO ESTABLISH RIGHTS—JUDGMENT. A judgment apportioning water for irrigation and awarding the right to use sufficient water from a stream to irrigate that portion of a quarter section "now in cultivation" the same as "heretofore used" should be made more definite and certain in its description and location of the land to which it applies.

Appeal from a judgment of the superior court for Kittitas county, Truax, J., entered July 12, 1923, after appeal and remittitur from the supreme court, in an action involving the right to use waters for irrigation. Remanded with directions to make more certain and definite.

*Short & Hovey* and *Carroll B. Graves,* for appellants.

*E. E. Wager,* for respondents.

MITCHELL, J.—This action involves conflicting claims to waters for irrigation purposes. In the trial of the case, judgment was for the defendants, and upon an appeal by the plaintiffs the judgment was reversed with instructions to the trial court to enter a judgment in accordance with the views expressed in the opinion. *Pays v. Roseburg,* 123 Wash. 82, 211 Pac. 750. Reference is now made to that decision as describing the contentions of the parties, the descriptions and loca-

[1]Reported in 232 Pac. 273.

tions of their respective properties, and the manner in which their lands are situated with reference to the right and use of the water in controversy. In that opinion it was determined that the Pays, whose land consisted of eighty-six acres lying below that of the Roseburgs, had a preference right because of prior appropriation, and it was said:

"It follows that appellants were entitled to a decree establishing their right to the amount of water which flowed naturally from the southwest quarter and enjoining interference therewith."

A petition of the Roseburgs for a rehearing was denied, and thereafter, upon the going down of the remittitur, the trial court entered judgment, the portion of which that is involved in this appeal being as follows:

"And the court being fully advised in the premises finds that there is a natural stream of water flowing through and upon the southwest quarter of section two (2) in township nineteen (19) north of range fifteen (15) E. W. M., in Kittitas County, Washington, and down to and upon the lands of plaintiffs described in the complaint in this action; and it is Decreed and Adjudged that the plaintiffs are the owners of, and entitled to the perpetual use of all the waters flowing in said described stream, and its tributaries subject to the right of the defendants to use sufficient water from said stream for the purpose of irrigating the lands owned by them and now in cultivation, and situated in said southwest quarter of section two (2) township nineteen (19) north of range fifteen (15) E. W. M., in Kittitas County, Washington. Said use of said waters by the plaintiffs (defendants) to be in the same manner as heretofore used by them, and only for the purpose of irrigating the lands now in cultivation upon said southwest quarter, and without interference or prevention by defendants, their agents or employees from the natural return of said waters after said sole use back into said stream by seepage or otherwise. And

the title to all the waters in said stream and its tribu-
taries is hereby quieted in said plaintiffs subject to
the right of defendants use thereof as hereinbefore set
forth."

The Roseburgs now appeal and contend, in sub-
stance, that the judgment is too broad or extensive
with respect to the rights awarded to the respondents,
and that it is also too indefinite and uncertain as to
the rights given to the appellants. On the first proposi-
tion, the argument is that, notwithstanding a prior
appropriation, the respondents' lands are not entitled
to more water than sufficient for reasonable irrigation,
and that the judgment appealed from has given, under
the facts in this case, a greater amount than is reason-
ably necessary. However, the former opinion appears
to have settled that contention to the contrary, be-
cause, in speaking of one of the defenses made by the
Roseburgs to the action, viz., abandonment of the right
of appropriation, charged against the respondents or
their predecessors in interest by failure to specifically
mention the water right in deeds and leases made of
the eighty-six acres, this court found against the de-
fense, stating, "It appears that the persons then in
possession, even if not asserting title thereto, were
using all the water which flowed to the lands."

Concerning the second proposition, the extent of the
appellants' rights to use the water, we think that,
under the former opinion, coupled with or which took
into consideration an admission on the part of the
respondents at the trial of the action, the judgment
could and should be made more definite than the one
now appealed from. It appears that Roseburg's quarter
section of land, the southwest quarter of the section,
is so situated topographically that a portion only of
it may be irrigated so as to permit the water thus used
less natural loss to return by seepage or sub-irrigation

into the channel or swamp from which runs the natural stream onto respondents' land, and that for a number of years prior to the diversion by the appellants of these waters to non-riparian lands of his, which was the immediate cause of the bringing of this suit, such portion of the quarter section thus subject to irrigation without material detriment to the rights of the respondents' lands was cultivated and irrigated by the appellants and their predecessors in interest. It was because of this situation that at the trial the respondents admitted such use caused no injury to their rights and confessed no objections to a continuation of such use, making it plain, however, that the portion of the quarter section thus situated and to which their admission applied, was a certain forty acres of it known as the Sorrell homestead, not otherwise described; and manifestly it was this situation and record that prompted the statement in the former opinion of this court in this case that there was no claim made hostile to the use of the water in the southwest quarter.

The final judgment should be made clear and definite so as to prevent, if possible, any future litigation with reference to the subject-matter, and for that purpose the cause will be and it is remanded to the superior court to change the wording of the judgment, upon stipulation of the parties or the taking of evidence of the respective parties if necessary, by more specifically describing and locating within the southwest quarter of the section that portion of it to which the judgment in this respect applies.

Main, C. J., Pemberton, Fullerton, and Bridges, JJ., concur.